RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2006 APR 24   PM 7: 39

FILING DEPOSITORY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Synthes (U.S.A.) and Synthes Spine Company, L.P. | |
| Plaintiffs, | 1:06-MC-161 |
| vs. | RMC/ |
| Globus Medical, Inc., Richard A. Kienzle, and David C. Paul | (original matter pending in the U.S. District Court for the Eastern District of Pennsylvania, CA No. 2:04-cv-1235) |
| Defendants. | |

## CASTELLANO MALM FERRARIO & BUCK PLLC'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

Pursuant to Fed. R. Civ. P. 45 and 26, Castellano Malm Ferrario & Buck PLLC ("CMFB"), a law firm not a party to the above-captioned case, hereby moves this Court for an Order quashing Synthes (U.S.A.) and Synthes Spine Company, L.P.'s ("Synthes") Subpoena *Duces Tecum* ("Subpoena") issued to CMFB.

Pursuant to Rule LCvR 7(f), CMFB respectfully requests an oral hearing on this matter. Pursuant to Rule LCvR (7(M), CMFB and Counsel for Synthes engaged in discussions concerning the Subpoena but no agreement was reached. Counsel for Synthes opposes this motion.

Dated: April 24, 2006

Respectfully submitted,

By: _____
Matias Ferrario, Esq. (D.C. Bar No. 472883)
Kristina Castellano, Esq. (D.C. Bar No. 465664)
**Castellano Malm Ferrario & Buck PLLC**
2121 K Street, N.W., Suite 800
Washington, D.C., 20037
Phone: 202-478-5300

RECEIVED
APR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Synthes (U.S.A.) and Synthes Spine Company, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> Globus Medical, Inc., Richard A. Kienzle, and David C. Paul, <br><br> Defendants. | 1:06-MC-161 <br><br> RMC/ <br><br> (original matter pending in the U.S. District Court for the Eastern District of Pennsylvania, CA No. 2:04-cv-1235) |

## STATEMENT OF SPECIFIC POINTS OF LAW AND AUTHORITY IN SUPPORT OF CASTELLANO MALM FERRARIO & BUCK PLLC'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

Synthes (U.S.A.) and Synthes Spine Company, L.P. ("Synthes") has taken the extraordinary step of demanding practically every single document and electronic record Castellano Malm Ferrario & Buck PLLC ("CMFB") possesses with respect to its client, Globus Medical, Inc. ("Globus"). The sheer breadth of Synthes's request is staggering, unduly burdensome, and oppressive. Synthes's demand encompasses a wide range of privileged and confidential information, publicly available information, and duplicative information. Accordingly, CMFB moves this Court seeking an order quashing Synthes's Subpoena *Duces Tecum* ("Subpoena").

1

I.  **Concise Statement of Facts**

In March of 2004, Synthes brought suit against Globus for misappropriation of trade secret and other business tort claims. (CA No. 2:04-cv-1235 in the U.S. District Court for the Eastern District of Pennsylvania). Upon information and belief, Synthes's claims stem from the departure of certain individuals who left Synthes starting in 2003 to start Globus. Globus designs, sells, and markets spinal implants for use in orthopedic surgery. The types of products sold by Globus encompass a wide variety of technical subject matters and include for example, pedicle screws, artificial discs, spine stabilization implants in the form of rods, fusion spacers, spinal fixation devices, and other related products. Globus also provides related services including training and education.

Discovery in this matter has been ongoing for approximately 12 months. Upon information and belief, Globus has produced over 64,000 documents during discovery, which included every single Pro-Engineering CAD file Globus had in its possession as of October 2005. Pro-Engineering files are electronic files that reflect nearly every product either being sold or developed by Globus.

In or about February 2005, CMFB began representing Globus in its intellectual property matters. CMFB is not a party to the pending litigation between Synthes and Globus. On March 24, 2006, Synthes served CMFB with a Subpoena requesting practically every single document and electronic record CMFB possesses that relates to Globus. A copy of the Subpoena is attached as Exhibit 1. The Subpoena requests all documents that refer or relate to Globus Patents, Globus Applications, or any related patent or related patent applications in any of the

following ways:

- the filing, preparation, and/or prosecution of said patents and applications
- the conception, design, development, or testing of any alleged invention;
- use by Globus or others of the subject matter claimed or described;
- the reduction to practice of any invention described or claimed;
- any communications regarding the subject matter claimed or described; and
- the research and development notes and records of any individual who contributed or worked on the inventions described or claimed.

*See* Ex. 1.

Synthes has essentially demanded the production of everything related to Globus's patent matters, without any limitation. Synthes's request encompasses practically every Globus file or document in CMFB's possession. To comply with Synthes's request, CMFB would have to conduct a costly and time consuming review of its files and spend an inordinate amount of time creating a privilege log (as a large quantity of the material requested is subject to the Attorney-Client Privilege and/or Work Product Doctrine). CMFB's review would necessarily include reviewing thousands of electronic communications, both internal and external, to determine responsiveness, confidentiality, and/or privilege status.

On April 5, 2006, CMFB objected to Synthes's requests. *See* Ex. 2. In an attempt to resolve CMFB's objections, CMFB and counsel for Synthes conferred on numerous occasions.[1] Unable to reach agreement, CMFB now moves this Court for an Order quashing the Subpoena in

---

[1] Counsel for Synthes provided CMFB a one week extension to move to quash or limit the Subpoena and a consent motion to that effect was filed with this Court on April 10, 2006. To facilitate continued discussions between the parties, an informal extension was granted to CMFB to April 24, 2006. Unable to reach agreement, CMFB now files this timely motion to quash or limit Synthes's Subpoena.

3

its entirety. Alternatively, CMFB requests that this Court limit or otherwise modify the subpoena by (a) requiring Synthes to identify with particularity the technical subject matters attendant to their misappropriation of trade secret allegations, (b) limiting the request to a time period of reasonable scope of no more than March 2005, (c) excluding from responsiveness duplicative and publicly available information, (d) excluding from responsiveness highly confidential material, *i.e.* non-published patent applications, and (e) excluding from responsiveness communications between CMFB and Globus.

## II. FED. R. CIV. P. 45 and 26 Authorize a Court to Quash or Limit a Supboena

Federal Rule of Civil Procedure 45 provides that a Court may quash a subpoena that subjects the subpoenaed party to undue burden or compels production of privileged documents. FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). When the burden of providing the subpoenaed information outweighs the need, Courts will limit discovery despite the general preference for a broad scope of discovery. *North Carolina Right to Life, Inc. v. Larry Leake, et al.*, 231 F.R.D. 49, 51 (D.D.C. 2005); *State of Wyoming v. U.S. Department of Agriculture*, 208 F.R.D. 449, 452 (D.D.C. 2002). Courts may additionally limit discovery where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2). *See also State of Wyoming*, 208 F.R.D. at 452-453 (applying FED. R.

4

CIV. P. 26(b) in context of *subpoena duces tecum* of a non-party); *Lindler et al. v. Adolfo Calero-Portocarrero, et al.*, 183 F.R.D. 314, 319 (D.D.C. 1998) (noting that Rule 45(c) does not diminish protections afforded by other Federal Rules of discovery).

In assessing undue burden, courts look to a number of factors including the subpoenaed party's status, relevance, need for the documents, breadth of the document request, the time period covered by the request, the particularity of the documents described by the request, the costs associated with compliance taking into account the responder's resources, and whether the request is cumulative and duplicative. *State of Wyoming*, 208 F.R.D. at 452; *Linder*, 183 F.R.D. at 319. Even when the documents requested are relevant, a request may be denied if the request is unreasonable or oppressive. FED. R. CIV. P. 45(c)(3)(A)(iv); *Linder*, 183 F.R.D. 314, 319 (D.D.C. 1998).

### III. Compliance With Synthes's Subpoena Subjects CMFB to Undue Burden

A review of the various factors courts use to asses burden, demonstrates that the Subpoena in this case is overbroad, unduly burdensome, and inappropriate. More particularly, CMFB is a non-party that would be forced to review a large volume of paper and electronic documents (many of which are privileged, duplicative, and irrelevant). The mere exercise of responding to such a broad request, even with appropriate protections in place, would require hundreds of hours of attorney time and prevent CMFB from servicing its clients.

Even after exempting the limited category of documents on which the parties were able to reach agreement, the remaining scope and nature of the request continues to subject CMFB to undue burden. This is particularly true in view of the fact that this litigation has been pending for over two years and the parties have already conducted extensive discovery. Instead of a

5

legitimate request for information, the circumstances of this case suggest that the Subpoena is more of a "fishing expedition" than one reasonably calculated to lead to the discovery of admissible evidence.

### A. Synthes Has Failed to Articulate the Relevant Subject Matter(s) of Their Purported Trade Secret

Relevance is a factor used by courts to determine the reasonableness of a subpoena. *State of Wyoming*, 208 F.R.D. at 452; *See also North Carolina Right to Life, Inc.*, 231 F.R.D. at 51. In *State of Wyoming*, this Court examined whether the information sought by the party issuing the Subpoena was relevant to its claim that the defendant violated the Federal Advisory Committee Act ("FACA") when the defendant issued certain forest-management actions. 208 F.R.D. 449, 452. More particularly, the State of Wyoming alleged that the USDA violated FACA by forming an advisory group that included non-parties United States Public Interest Research Group, Heritage Forest Campaign, and Earthjustice Legal Defense Fund. *Id.*

In *State of Wyoming*, the plaintiffs issued a subpoena to non-parties seeking information allegedly needed to prove their claims against the USDA. *Id.* at 449. In urging this Court to enforce the subpoena, the plaintiffs argued that the requested items were necessary to prove the defendant's illegal acts and crucial to sustaining plaintiffs' claims. *Id.* at 450. In response, the non-parties objected to the relevance of the requests noting that the broad categories of documents requested sought information that would (a) would already be in possession of the defendant and (b) sought information beyond what was needed to support plaintiffs' claims because it included requests for internal communications and communications with third parties. *Id.*

In deciding the issue, this Court held that the documents sought by plaintiff were irrelevant to the pending claims. *Id.* at 452. This Court found that all relevant documents would be in the possession of the federal defendants and thus refused to allow plaintiffs to intrude into the activities of non-party witnesses. *Id.*

Just as in the *State of Wyoming*, the Subpoena in this case seeks information that is overly broad and unrelated to the claims at issue. One of the more difficult issues in conferences with Counsel for Synthes was obtaining information concerning Synthes's misappropriation of trade secrets claim(s). On multiple occasions, CMFB requested that Synthes articulate the trade secret allegedly misappropriated. CMFB was never provided a reasonable answer. Counsel for Synthes could not even point to broad subject matter categories as to the basis of their claim. For example, Synthes could not identify whether the alleged trade secrets misappropriated pertained to a particular technical subject matter or whether Synthes was alleging misappropriation of other alleged trade secrets such as marketing materials, customer lists, or manufacturing methods. Counsel for Synthes's response was that everything Globus does is relevant to their claim(s) and that anything related to spine was relevant.

CMFB simply cannot accept that a party to a litigation can not identify the alleged trade secret(s) in dispute. It is patently unfair to request a broad range of documents from a non-party without identifying the claims at issue:

> At the very least, a defendant is entitled to know the bases for plaintiff's charges against it. The burden is upon the plaintiff to specify those charges, not upon the defendant to guess at what they are. Thus, after nearly a year of pre-trial discovery, Xerox should be able to identify in detail the trade secrets and until this is done, neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not; and it is doubtful whether Xerox can undertake a meaningful discovery program, which includes its attempt to trace the flow of trade secrets and confidential information through

IBM, without first identifying which trade secrets and what confidential information IBM has misappropriated.

*Xerox Corporation v. International Business Machines*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974). This point is even more striking when one considers that in the operative jurisdiction, the failure by a plaintiff to enlighten defendants as to the information allegedly misappropriated subjected plaintiff to discovery sanctions. *Cromoglass Corp. v. Ferm*, 344 F. Supp. 924, 927 (M.D. Pa. 1972), *appeal dismissed*, 500 F.2d 601 (3rd Cir. 1974) (imposing sanctions on plaintiff for wholly evasive and unresponsive answers to interrogatories concerning allegations of trade secret misappropriation).

Moreover, many of the requests encompass non-published patent applications, which contain highly confidential information. While CMFB accepts that a protective order is in effect in this matter and Counsel for Synthes has offered protection of sensitive documents under such a protective order, the protective order does not alleviate Synthes from tailoring their requests to seek only relevant documents. And in the case of highly sensitive information such as non-published patent applications, courts have held litigants to higher relevancy standards. *See, e.g., ICU Medical, Inc. v. B. Braun Medical, Inc.*, 224 F.R.D. 461 (N.D. Cal. 2002) ("courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto."). Thus, even when the information sought may be relevant under the broad standard of FED. R. CIV. P. 26(b)(1), parties requesting discovery of a competitor's non-published patent applications must make a sufficient showing to meet the higher relevancy

standard applicable to that type of information.[2] *Id.* at 461.

By failing to identify or otherwise articulate the claim at issue, and by simply asserting that "everything Globus is doing" is relevant, Synthes has practically forced CMFB to object to the subpoena and refuse production. A broad allegation does not confer upon a party the power to demand production of every file possessed by a party's patent attorneys. Such a broad use of the subpoena power is improper, and CMFB requests that this Court quash the Subpoena in its entirety.

### B. The Remaining Factors Favor Quashing of Synthes's Subpoena

Even assuming *arguendo* that the requested information is somehow relevant to Synthes's claims, the remaining factors militate in favor of quashing the subpoena. CMFB is not a party to this case. *State of Wyoming*, 208 F.R.D. at 453 (holding subpoena unduly burdensome considering non-party status of subpoenaed party). As Globus's Intellectual Property Counsel, the time, effort, and expense consumed by CMFB in addressing Synthes's discovery tactics detracts from CMFB's ability to represent not only Globus, but its other clients as well.

Many of the requests seek information that is duplicative of information that is publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive. For example, the Subpoena requests every communication between Globus and CMFB. Presumably, however, that information has already been disclosed or otherwise

---

[2] 35 U.S.C. §122 expressly provides that non-published patent applications shall be held by the USPTO in confidence. As noted by the court in *ICU Medical v. B. Braun Medical*, however, this statutory provision is not binding on the courts. 224 F.R.D. 461. Nonetheless, courts have acknowledged the confidentiality of 35 U.S.C. §122 and required parties to meet a higher relevancy standard in discovery of documents falling within 35 U.S.C. §122. *Id.*

9

accounted for.[3] Accordingly, much of the requested information can be obtained from other, more appropriate sources.

With respect to the remaining factors weighed by courts in determining the appropriateness of a subpoena to a non-party, CMFB notes that the Subpoena issued by Synthes is facially overly broad. See *Linder*, 183 F.R.D. at 319. For example, the Subpoena is not limited whatsoever in temporal scope. There has been no explanation by Synthes how activities conducted in 2006 could potentially be relevant or lead to admissible evidence of trade secrets allegedly misappropriated prior to and including 2003. Synthes has also failed to identify how information possessed by CMFB is needed to prove their case, especially where the documents necessary to prove Synthes's case is obtainable from other sources, such as the public domain. *Wyoming*, 208 F.R.D. at 453. In other words, there is simply no reason why Synthes must seek documents and information from CMFB.

Additionally, even the concessions given to CMFB by Counsel for Synthes fail to tailor the request by any appreciable degree.[4] By including practically every type of document,

---

[3] CMFB notes that Counsel for Synthes agreed not to request Globus Applications that have been published. Published applications are made available for downloading at the U.S. Patent and Trademark Office ("USPTO") website. When applications are published, the USPTO also publishes the prosecution history of the file, including transmittals to and from the prosecuting attorney. While reducing the volume of production somewhat, Synthes's concession does nothing to alleviate the burden with respect to duplicity of the other types of files that fall within Synthes's broad requests.

[4] During negotiations, Synthes agreed to exclude certain information from their requests. Unfortunately, even after leaving out the types and categories of documents Synthes agreed to exempt from their request, the remaining universe of responsive and privileged documents in CMFB's possession remains large and burdensome to review, log, and produce. Synthes's concessions do not materially reduce the burden of compliance. In fact, while CMFB is appreciative of the effort, many of the exceptions would require even more work. For example, Synthes has agreed that CMFB would not have to produce patent applications that were cited to the USPTO in an Information Disclosure Statement ("IDS"). While reducing the volume of copies, CMFB would have to cross reference every paper and electronic copy of a patent in its possession with every IDS in a Globus Application to make determinations about whether the patent was listed or not. Such an exception, rather than reducing the burden, multiplies it.

including communications, notes, drafts, etc. whether in paper or electronic format, the breadth of Synthes's request is alarming.

Finally, CMFB notes that the time and effort to respond to the subpoena, even with the concessions provided by Counsel for Synthes is extremely burdensome. CMFB is a boutique intellectual property firm. Having each responsible attorney go through his or her emails to determine whether the communication should be produced or withheld on the grounds of privilege is daunting. Such a task would deprive CMFB clients from continued representation on pressing matters. Synthes would have CMFB undertake a vast project compiling, reviewing, logging, and copying documents spanning an almost two year time period.[5] See *Linder*, 183 F.R.D. at 319 (holding the time and expense required to comply with the subpoena relative to the non-party's resources is a factor in determining undue burden). The sheer breadth of Synthes's request and the failure to particularly request information related to Synthes trade secret claims practically mandates quashing of the subpoena.

### C. The Subpoena Compels Production of Privileged Documents

FED. R. CIV. P. 45 (c)(3)(A)(iii) authorizes a court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Synthes's request is directed at the heart of CMFB's practice – the provision of legal advice to its clients. The majority of documents in CMFB's possession are protected from disclosure by the Attorney-Client Privileged and/or Work Product Doctrine. CMFB understands that a privilege log may be appropriate in circumstances where a subpoena compels disclosure of protected

---

[5] While Synthes has graciously offered to pay copying costs associated with any response, the number of hours required for CMFB partners and staff to respond to the Subpoena is much more expensive and burdensome than any costs associated with copying. At this point in time, there has been no offer to reimburse CMFB for these costs.

11

information. *Avery Dennison Corp. v. Four Pillars et al.*, 190 F.R.D. 1, 3 (D.D.C. 1999). In this situation, however, reviewing, logging, and creating a privilege log in it of itself would place an enormous burden on CMFB and is unduly oppressive.

CMFB regularly communicates with its clients regarding legal matters. Practically every communication between CMFB and Globus is directed to securing, procuring, providing, or otherwise reflecting a confidential communication seeking legal advice. Thus, the sheer volume of privileged information in this instance is staggering. Merely reviewing potentially responsive information would take hundreds of hours. Creating a log of the withheld documents will take an inordinate amount of time and is truly oppressive. Given the unlimited scope of the request, the essentially unbounded time period the request encompasses, the failure of Synthes to articulate or otherwise identify with any type of particularity the subject matter of their trade secret claim, the volume of electronic information that must be reviewed, and the relative size of the responding party, the request is overbroad, unduly burdensome, and oppressive.

## IV. Prayer for Relief

CMFB respectfully requests that this Court recognize that the documents at issue are privileged, publicly available, confidential and/or irrelevant, and grant this Motion to Quash. Alternatively, CMFB requests that this Court modify and limit the subpoena pursuant to F.R.C.P. 45 to exclude privileged, publicly available, and already produced information, and to narrowly tailor the remaining subject matter requested. Further, to the extent CMFB is required to produce any documents, it requests that the Court order Plaintiffs to pay the costs and fees associated with CMFB's production.

Dated: April 24, 2006

Respectfully submitted,

By: _____
Matias Ferrario, Esq. (D.C. Bar No. 472883)
Kristina Castellano, Esq. (D.C. Bar No. 465664)
**CASTELLANO MALM FERRARIO & BUCK PLLC**
2121 K Street, N.W.
Suite 800
Washington, D.C., 20037
Phone: 202-478-5300
Fax: 202-318-1288

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic and U.S. Regular mail on April 24, 2006 to:

Robert W. Ashbrook Jr.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Counsel for Plaintiffs Synthes (U.S.A.) and Synthes Spine Company, L.P.

John P. McShea
McShea\Tecce PC
The Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19130

Counsel for Defendants Globus Medical, Inc., Richard A. Kienzle, and David C. Paul

By: *(signature)*
Matias Ferrario, Esq.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Synthes (U.S.A.) and Synthes Spine Company, L.P. : <br><br> Plaintiffs <br><br> v. <br><br> Globus Medical, Inc., Richard A. Kienzle, and David C. Paul <br><br> Defendants. | 1:06-MC-161 <br><br> RMC/ <br><br> (2:04-cv-1235 <br> In the U.S.D.C. for the <br> Eastern District of Pennsylvania) |

### [draft] ORDER GRANTING NON-PARTY CASTELLANO MALM FERRARIO & BUCK PLLC'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

This cause has come before the Court upon the Motion of Castellano Malm Ferrario & Buck PLLC to quash the Synthes's Subpoena in the above-styled case. Being fully advised, this Court,

ORDERS that said motion be, and the same is hereby, GRANTED in its entirety and,

ORDERS that Synthes's Subpoena to Non-Party Castellano Malm Ferrario & Buck PLLC is quashed in its entirety.

**ORDERED** in the District of Columbia on this _____, 2006.

_____
United States District Judge

15