# United States District Court

FOR THE DISTRICT OF _____ **the District of Columbia** _____

| TO: | SUBPOENA IN A CIVIL CASE |
|---|---|
| **Castellano Malm Ferrario & Buck LLC**<br>**2121 K Street N.W., Suite 800**<br>**Washington, D.C. 20037** | Synthes (U.S.A.) and Synthes Spine Company, L.P.<br><br>v.<br><br>Globus Medical, Inc., Richard A. Kienzle, and David C. Paul<br>U.S.D.C. for the Eastern District of Pennsylvania<br>2:04-cv-1235 |

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to the matters known or reasonably available to the organization. *See* Federal Rule of Civil Procedure 30(b)(6).

DESCRIPTION OF THE MATTERS ON WHICH EXAMINATION IS REQUESTED

**XX** YOU ARE COMMANDED to produce and permit inspection and copying of the books, documents, or tangible things set forth in the attached Schedule A, in your possession, custody, or control at the place, date and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| **Dechert LLP**<br>**1775 I Street, NW, Washington, DC 20006**<br>**unless otherwise agreed** | **April 10, 2006, at 9:00 a.m.**<br>**unless otherwise agreed** |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | | DATE |
|---|---|---|
| *[signature]* | **Robert W. Ashbrook Jr.,**<br>**Attorney for Plaintiffs** | **March 24, 2006** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Robert W. Ashbrook Jr., Dechert LLP, Cira Centre 21st Floor, 2929 Arch Street, Philadelphia, PA 19104, (215) 994-4000**

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d) below)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
Signature of Server

_____

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, Documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for depositions, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce Documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the Documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A TO THE SUBPOENA
## TO CASTELLANO MALM FERRARIO& BUCK
## DATED MARCH 24, 2006

### Definitions and Instructions

The following definitions are applicable to terms used in this Schedule A.

1.     "Globus" means Globus Medical, Inc., as well as its predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates, and all past or present employees, officers, directors, agents, legal representatives, consultants, or other persons (including attorneys) acting for or on any or all of their behalves.

2.     The term "Globus Patents" means:

   (a)     U.S. Patent Nos. 6,986,771 and 6,989,011 and any reissues thereof;

   (b)     all other United States or foreign patents assigned in whole or in part to Globus;

   (c)     all patents licensed exclusively or non-exclusively to Globus; and/or

   (d)     all patents marked on products currently or formerly sold or manufactured by Globus.

3.     The term "Globus Applications" means any patent application filed by or on behalf of Globus or any Globus employee, including, but not limited to:

   (a)     International Application Nos. PCT/US 05/23984 (filed July 06, 2005), PCT/US 05/11918 (filed April 08, 2005), PCT/US 04/15922 (filed May 21, 2005), and PCT/US 05/13253 (filed April 19, 2005);

   (b)     U.S. Application Nos. 10/885,841 (filed July 08, 2004), 10/819,994 (filed April 08, 2004), 11/146,147 (filed June 07, 2005), 11/294,389 (filed December 06, 2005), 10/443,755 (filed May 23, 2003), 10/762,533 (filed

1

January 23, 2004), 11/244,035 (filed October 6, 2005), 10/826,285 (filed April 19, 2004), 11/097,340 (filed April 04, 2005), 60/491,271 (filed July 31, 2003), 10/827,642 (filed April 20, 2004), 10/909,210 (filed July 30, 2004), 11/246,149 (filed October 11, 2005), 11/318,438 (filed December 28, 2005), and 10/745,668 (filed December 29, 2003);

(c)  all other United States and foreign applications assigned in whole or in part to Globus; and

(d)  all applications marked on products currently or formerly sold or manufactured by Globus.

4.  The term "related patent applications" means any provisional, continuation, continuation-in-part, divisional, reexamination, or reissue applications, whether issued or abandoned, whether domestic or foreign, that claim priority from or through any of the Globus Applications, or from or through which the Globus Applications claim priority.

5.  The term "related patent" means any patent that issues from a related patent application.

6.  "Document" or "documents" shall mean documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, CD's, DVD's, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists,

2

computer files, announcements, electronic mail messages, or any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.

7.      The term "person" embraces individuals, corporations, and other legal entities, and the acts and knowledge of a "person" as used herein are defined to include acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

8.      The term "referring or relating to" means referring to, relating to, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, refuting, contradicting, or constituting (in whole or part).

9.      "Communications" include, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivery or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

## REQUESTS FOR DOCUMENTS

### Document Request No. 1:

Produce all documents referring or relating to the conception, design, development, or testing of any alleged invention described or claimed in the Globus Patents, Globus Applications, or any related patent or related patent application, including, without limitation:

(a)    all documents referring or relating to the first written description of such alleged invention;

(b)    all documents referring or relating to the first drawing pertaining to such alleged invention;

(c)    all documents referring or relating to the first oral disclosure of such alleged invention; and

(d)    all documents referring or relating to the first disclosure of such alleged invention to a third party not under any obligation or confidentiality with respect to the alleged invention.

### Document Request No. 2:

Produce all documents referring or relating to the reduction to practice (actual or constructive) of any alleged invention described or claimed in the Globus Patents, Globus Applications, or any related patent or related patent application, including, without limitation:

(a)    all documents referring or relating to any effort or activity of the inventors or any others directed toward the reduction to practice of such alleged invention;

4

(b)    all documents describing the activities of each named inventor of such alleged invention, between the conception of such alleged invention and the first actual reduction of such alleged invention to practice;

(c)    all documents referring or relating to the first actual reduction of such alleged invention to practice; and

(d)    all invention disclosure documents.

## Document Request No. 3:

Produce all documents referring or relating to any use by Globus or any others of the subject matter claimed in the Globus Patents, Globus Applications, or any related patent or related patent application.

## Document Request No. 4:

Produce all documents, including, but not limited to, prosecution histories, referring or relating to the filing, preparation, and/or prosecution of the Globus Patents, Globus Applications, or any related patent or related patent application. This request includes without limitation:

(a)    each document constituting, referring or relating to communications regarding any aspect of the preparation and prosecution of said applications;

(b)    each document constituting, referring or relating to communications regarding said patents, or patent applications, or any cited prior art;

(c)    each document constituting, referring or relating to communications to and from any patent office, patent receiving office, or international patent body (such as WIPO);

(d)    each document referring or relating to any affidavit, oath or declaration filed, proposed to be filed or considered for filing by any person involved in the

preparation and prosecution of said patents or patent applications in connection with such preparation and prosecution proceedings; and

(e)    each document referring or relating to any experiment, research, investigation, development, analysis, study or evaluation performed by or on behalf of Globus or the alleged inventors, referring or relating to the preparation and prosecution of said patents or patent applications.

**Document Request No. 5:**

Produce all documents referring or relating to any communications regarding the Globus Patents, or the subject matter of the Globus Patents, Globus Applications, or any related patents or related patent applications.

**Document Request No. 6:**

Produce all documents constituting, referring, or relating to the research and development notes and records (including lab notebooks) of one or more of the named inventors of the Globus Patents, or any other individuals who contributed to or worked on the conception, design, or development of any alleged inventions described or claimed in the Globus Patents, Globus Applications, or any related patent or patent application.