# Exhibit H

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel

Globus Medical, Inc.'s Responses to Synthes' First Requests for Production of Documents
in the E.D. Pa. case, no. 04-cv-1235
pp. 1, 6, 18, 23

*12*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.), et al. | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 04-CV-1235 |
| | : | |
| v. | : | Judge Legrome D. Davis |
| | : | |
| GLOBUS MEDICAL, INC., et al. | : | |
| | : | |
| Defendants. | : | |

## GLOBUS MEDICAL, INC.'S RESPONSES TO SYNTHES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant and counterclaim-plaintiff Globus Medical, Inc. ("Globus"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvnia, hereby responds to Plaintiffs and Counterclaim-defendants Synthes (U.S.A.) and Synthes Spine Company, LP.'s (collectively, "Synthes'") First Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

Globus makes the responses set forth herein subject to and without waiver of (1) all questions as to the admissibility into evidence of the responses; (2) the right to object to further discovery directed to the subject matter of Synthes' requests; (3) the right to make additional objections or to seek protective orders in the event additional review of files and pretrial preparation result in further information with respect to any of Synthes' requests; and (4) the right to at any time revise, correct, add to or clarify any of the responses and/or objections contained herein, consistent with Fed. R. Civ. P. 26.

information which is confidential and proprietary information belonging to Globus; and rather than being reasonably calculated to lead to the discovery of admissible evidence in this action, instead appears to be designed to reveal business strategies of Globus having nothing to do with this litigation but would provide competitive advantages to Synthes.

## REQUEST NO. 4

All documents referring or relating to patents, patent applications or regulatory approval for any product developed by or on behalf of Globus or any of its employees.

## RESPONSE TO REQUEST NO. 4

Objection. Globus objects to Request No. 4 on grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. This case does not involve any claims of patent infringement, and providing Synthes with Globus' patent applications in the context of this case appears designed only to provide Synthes with a competitor's business secrets rather than being reasonably designed to lead to information relevant to this case. Moreover, Globus objects to Request No. 4 to the extent that it seeks the production of documents that contain proprietary, trade secret and confidential information, are protected by the attorney-client privilege and/or work product doctrine, or were prepared in anticipation of litigation. Globus further objects to Request No. 4 on the grounds that documents relating to regulatory approval are accessible to Synthes within the public domain.

## REQUEST NO. 5

Personnel files for all former Synthes employees either currently or formerly employed by Globus, including, but not limited to, Paul and Kienzle.

## REQUEST NO. 31

All documents, including product designs and blueprints, referring or relating to documents that Globus alleges to have "reverse engineered" from Synthes' products or for products that compete directly with Synthes.

## RESPONSE TO REQUEST NO. 31

Objection.  Subject to the General Objections set forth above, Globus does not claim to have "reverse engineered" from Synthes' products.

## REQUEST NO. 32

Samples of all products, including prototypes, that Globus claims to have "reverse engineered" from Synthes' products.

## RESPONSE TO REQUEST NO. 32

Objection.  Subject to the General Objections set forth above, Globus does not claim to have "reverse engineered" from Synthes' products.

## REQUEST NO. 33

All documents, including, but not limited to, product designs, design histories and prototypes, relating to any applications or requests made by or on behalf of Globus for patent or other approval to any state, federal, or international governmental agency for any product that competes directly with Synthes.

## RESPONSE TO REQUEST NO. 33

Objection.  Globus objects to Request No. 33 on grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.  Moreover, Globus objects to Request No. 33 to the extent that it seeks the production of documents and things that contain  proprietary, trade secret and confidential information.

18

objects to Request No. 44 to the extent that it seeks the production of documents that are

protected by the attorney-client privilege and/or work product doctrine, or seeks the production

of documents that were prepared in anticipation of litigation.  Globus further objects to Request

No. 44 to the extent that it seeks the production of documents that and contain proprietary, trade

secret and confidential information.


Respectfully submitted,


Dated: September 13, 2004

John P. McShea, Esquire
Anthony J. DiMarino, III, Esquire
McShea/Tecce, P.C.
The Mellon Bank Center - 16th Floor
1735 Market Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)

Attorneys for Defendant, Counterclaim
Globus Medical, Inc.


23

# Exhibit I

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel

Transcript of Motion Hearings
in the E.D. Pa. case, no. 04-cv-123
March 11, 2005
pp. 1-2, 66-72





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SYNTHES SPINE COMPANY, LP,     .     Civil Action No. 04-1235
et al,                         .
                               .
            Plaintiffs,        .
                               .
        v.                     .
                               .     Philadelphia, Pennsylvania  19102
GLOBUS MEDICAL, INC., et al,   .     March 11, 2005
                               .     11:45 a.m.
            Defendants.        .
. . . . . . . . . . . . . .     .

**FILED**

TRANSCRIPT OF MOTION HEARINGS
BEFORE HONORABLE LEGROME D. DAVIS   MAR 2 2 2005
UNITED STATES DISTRICT COURT JUDGE

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

APPEARANCES:

For the Plaintiff:          Blank Rome, LLP
                            By:  MATTHEW J. SIEMBIEDA, ESQ.
                            PNC Center
                            201 East Fifth Street
                            Suite 1700
                            Cincinnati, OH  45202

                            Blank Rome, LLP
                            By:  ANTHONY B. HALLER, ESQ.
                            One Logan Square
                            18th & Cherry Streets
                            Philadelphia, Pennsylvania  19106

For the Defendant,          McShea Tecce, PC
Globus:                     By:  FREDERICK A. TECCE, ESQ.
                                 JOHN P. MCSHEA, III, ESQ.
                            Mellon Bank Center
                            16th Floor
                            1735 Market Street
                            Philadelphia, PA  19103

Transcribed by:             **DIANA DOMAN TRANSCRIBING**
                            **P. O. Box 129**
                            **Gibbsboro, New Jersey  08026-0129**
                            **Office:   (856) 435-7172**
                            **Fax:      (856) 435-7124**
                            **E-Mail:   dianadoman@comcast.net**

Proceedings recorded by electronic sound
recording, transcript produced by transcription service

2

1    MR. SIEMBIEDA:  Morning, Your Honor.

2    MR. TECCE:  Good morning, Your Honor.

3    THE COURT:  Okay.  This is Synthes v. Globus, right?

4    MR. SIEMBIEDA:  Yes, Your Honor.

5    THE COURT:  We have a number of motions here.  And I

6    would ask counsel to identify themselves, for the record.

7    MR. SIEMBIEDA:  Yes, Your Honor.  Matt Siembieda, on

8    behalf of Synthes.

9    I'm going to argue our motions, which I believe are

10   the motion to dismiss, the motion to continue to seal, to the

11   extent we need to argue that, and the motion to compel, Your

12   Honor.

13   THE COURT:  All right.  And you also have a motion to

14   strike the counter-claim, right?

15   MR. SIEMBIEDA:  Yes, Your Honor.  I'm sorry, when I

16   said a motion to dismiss, I meant a motion to strike or

17   dismiss.

18   THE COURT:  Oh.  Right.

19   MR. SIEMBIEDA:  Yes.

20   THE COURT:  The clerk's office has just recorded it

21   as two separate motions.  I see.

22   MR. SIEMBIEDA:  Oh, I apologize, Your Honor.

23   THE COURT:  Now --

24   MR. SIEMBIEDA:  I'll treat it as one, for purposes of

25   the argument, unless you want me to argue it twice?

1          MR. SIEMBIEDA:  -- and see what's relevant, what

2  we're entitled to, and I think we tried to do that.

3          And I -- the only thing I would add, Your Honor, is,

4  is that whatever happens with regard to the motion to dismiss,

5  that we argued earlier, really doesn't have anything to do with

6  our motion to compel, in the sense that that relates to our

7  underlying claim that we filed against Kingsley, and Globus,

8  and Paul.

9          So, that we -- we're entitled to that information, on

10 our claim, for their trade secret violations, as well as the

11 contractual.

12         THE COURT:  I can see why you would say that.  Sure.

13         MR. SIEMBIEDA:  Yes.

14         THE COURT:  Yes.  Right.

15         MR. SIEMBIEDA:  Yes.  And so, I think -- and I think

16 if you go through our briefs, and the schedules attached to it,

17 it'll lay it out.  And I understand you've got to parse through

18 that.

19         THE COURT:  Right.

20         MR. SIEMBIEDA:  Okay.  Thank you, Your Honor.

21         THE COURT:  Okay.  Yes, sir?

22         MR. TECCE:  Yes, Your Honor, I will be brief.  We --

23 let me do this globally.

24         We don't say no, we're not going to give you the

25 discovery.  We say, under Rule 26, and the cases that we cite,

1  you have a burden of establishing facts that provide why the

2  information you seek is relevant.

3         And I have, on four separate occasions, we've asked

4  -- in a motion for more definite statement, which we lost,

5  first set of interrogatories, second set of interrogatories --

6  we've asked them -- there's a fourth one, which I can't

7  remember, but it'll come to me in a minute -- we've asked them,

8  what are the facts?

9         Like Your Honor had this <u>Air Products</u> case, that was

10  in front of Your Honor, that the defendants have talked about,

11  in detail.  And in the <u>Air Products</u> case, there was evidence

12  that the tortfeasor had approached individuals who you could

13  only find from a customer list, from a chemical company that

14  had a very small market.

15         We've asked them, what evidence that you have, that

16  we've approached your customers, based upon information that we

17  took from you.  There's no question that there were documents

18  that Kingsley and Paul took, but it's -- the second part is

19  this -- what evidence do they have that we actually used them.

20  And it can't be speculation, and it can't be conjecture.

21         When we asked, and we served interrogatories first,

22  what are your trade secrets?  Tell us what they are.  And all

23  the responses I get are kind of a law on trade secrets, but we

24  need facts.

25         If they came to me and said, our trade secrets are

68

1   that we make our spacers, we use a eutectoid steel, and we do

2   all this stuff to it, then that's a legitimate trade secret and

3   they would be entitled to discovery on that point.  That would

4   make it relevant.

5          But, to say it's our spacers, which I could show Your

6   Honor, I mean I have a -- they're just little pieces of metal,

7   like this, or pieces of plastic.  That's not a legitimate trade

8   secret, under Pennsylvania law.

9          I think, in an effort to try and get this case moved

10  -- we've done it in other cases, Your Honor, and we have no

11  objection to it, and perhaps save Your Honor's time, is to have

12  the Court appoint an attorney in town, as a special master,

13  allow us to try and figure out what issues have to get hammered

14  out, try and deal with --

15          THE COURT:  I'm not going to appoint a special

16  master.

17          MR. TECCE:  Okay.  All right.

18          THE COURT:  I'm not -- I haven't done that.  I'm not

19  going to do that.

20          MR. TECCE:  All right.  Well, but then -- I mean,

21  'cause, basically, Judge, the order that they've given you, it

22  -- literally, for us to comply with it would require that we

23  turn over every single document in our company.  I mean, we've

24  looked at them, we can't eliminate a single document.

25          It asks for information about our Board of Directors,

1  it asks for information about our business plans, it asks for

2  information about our financing, about our efforts to go

3  public, it asks for information about our suppliers.

4        I can give you a perfectly -- an example, and I'll be

5  brief.  Some of our suppliers are also suppliers for Synthes.

6  They may or may not be.

7        Synthes is huge.  They're one of the biggest

8  companies in this industry.  They have the ability to go to our

9  suppliers and tell them that if you want to continue to do

10  business with Synthes, you can no longer do business with

11  Globus.

12        These people are all sure, if that information were

13  to get to Synthes, it would cripple us.  Absolutely cripple us.

14  And it's not just a fear that's borne out of, you know, looking

15  for people under the bed at night.  It's -- they're --

16  statements have been made that, you know, and Your Honor's

17  heard a lot about them, I'm not going to reiterate them, about

18  wanting to just -- to make sure that we don't -- that we can't

19  go forward.

20        And so, my client hears those, and they get very

21  nervous about that stuff.

22        And I know there's a protective order, but it's

23  information that's -- once that Genie gets out of the bottle,

24  we're smoked.  We're done.  That information about our

25  suppliers gets out, we're completely destroyed.

1   And so, if they have facts that support a legitimate

2 claim, then, you know what, that's the risk -- we're in the

3 litigation, we've got to live with that.  But, if we're going

4 to go that route, and we're going to put Globus in the position

5 that -- a tenuous position, there should be more evidence and

6 more facts, than what they've provided, as to why they should

7 be entitled to information.

8   And the burden, under Rule 26, and this is in our

9 brief and under the cases, is on the defendants, to establish

10 the reason for the -- the relevance for the information.

11   THE COURT:  Okay.

12   MR. TECCE:  Thank you.

13   THE COURT:  All right.

14   MR. SIEMBIEDA:  Just --

15   THE COURT:  Last word.  Yes, sir.

16   MR. SIEMBIEDA:  Last word.  Very briefly.

17   Your Honor, you know, first of all, I think it's what

18 I said, that we have, if you look, I think we have clearly

19 pointed out and shown what the trade secret stuff is.

20   But, we also have contracts with these two

21 individuals, which are part of our complaint, it's part of our

22 claim, which says that our information was confidential and

23 proprietary, and they're not allowed to use it.

24   So, not only do we have a trade secret claim, but

25 we've got a breach of contract claim.

71

1    And they always try to pigeonhole us into something else,

2  and they want more information, more information, more

3  information.  So, I think you have to look at it in both

4  lights.

5    The second thing, Your Honor, is -- let me give you

6  just a specific example, that we have information with one of

7  the suppliers, a thing called Unique, that they actually took

8  our drawings to that supplier, and say, use this.

9    Now, that causes all sorts of issues, obviously, and

10  all sorts of claims.  We try to seek discovery of that, they

11  say no.

12    We know that they took, to another supplier, one of

13  our pieces of equipment, and put a -- a piece of tape over one

14  of our instruments, which had our name on it.  We asked for

15  discovery on that.  They refused to give that to us.

16    We know that they took one of our surgical

17  instruments into an operating room and scraped off Synthes

18  name.  We simply asked them, who was the surgeon you gave that

19  instrument to and they won't tell us that.

20    That's the type of stuff we're trying to find out and

21  seek, that they're not giving us.  And that's the sort of

22  information we need and, I suggest, we're entitled to.  That

23  goes to the heart of our claim.

24    THE COURT:  Okay.

25    MR. SIEMBIEDA:  Thank you, Your Honor.

72

1    THE COURT: Understood.  Record is closed.

2    UNIDENTIFIED MALE ATTORNEY:  Thank you, Your Honor.

3    THE COURT:  All right.  Thank you, all.

4                    (Court adjourned)

5                    *  *  *  *  *

6

7

8              C E R T I F I C A T I O N

9        I, MELISSA HYNES, court approved transcriber, certify

10   that the foregoing is a correct transcript from the official

11   electronic sound recording of the proceedings, in the

12   above-entitled matter, to the best of my ability.

13

14   _____

15   MELISSA HYNES

16   **DIANA DOMAN TRANSCRIBING**        DATE:  March 18, 2005

17

18

19

20

21

22

23

24

25

# Exhibit J

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel

Transcript of Status Conference
in the E.D. Pa. case, no. 04-cv-123
August 22, 2005
pp. 1-3, 14, 18, 28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SYNTHES (U.S.A.), ET AL.,          )
                                   )   Case No.  04-CV-01235
            Plaintiffs,            )
                                   )
        vs.                        )   Philadelphia, PA
                                   )   August 22, 2005
GLOBUS MEDICAL, INC.,              )
ET AL.,                            )
                                   )
            Defendants.            )


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE LAWRENCE F. STENGEL
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs:          ANTHONY B. HALLER, ESQUIRE
                             MATTHEW J. SIEMBIEDA, ESQUIRE
                             Blank Rome, LLP
                             One Logan Square
                             18th & Cherry Streets
                             Philadelphia, Pennsylvania 19103


For the Defendant:           FREDERICK A. TECCE, ESQUIRE
                             McShea Tecce, P.C.
                             The Mellon Bank Center
                             16th Floor
                             1735 Market Street
                             Philadelphia, Pennsylvania 19103


Audio Operator:              L. BUENZLE

Transcribed by:              DIANA DOMAN TRANSCRIBING
                             P. O. Box 129
                             Gibbsboro, New Jersey  08026
                             Off: (856) 435-7172
                             Fax: (856) 435-7124
                             E-mail: dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

2

<u>I N D E X</u>

ARGUMENT:

By:  Mr. Haller          6, 20, 26

By:  Mr. Tecce           13, 25

Colloquy                                          3

1          THE COURT:  Please be seated.  This is in the matter

2    of Synthes U.S.A., et al. versus Globus Medical, Inc., et al.

3    And, it's the time we scheduled basically for a status

4    conference to see where you are.  And, just so I know who's

5    who, Mr. Haller?

6          MR. HALLER:  Yes, Your Honor.  Good morning.

7          THE COURT:  All right.  Good morning.  Mr. Siembieda?

8          MR. SIEMBIEDA:  Siembieda, exactly, Your Honor.

9          THE COURT:  Siembieda.

10         MR. SIEMBIEDA:  Thank you.

11         THE COURT:  Okay.  Mr. Tecce?

12         MR. TECCE:  Yes, Your Honor.

13         THE COURT:  Am I pronouncing that correctly?

14         MR. TECCE:  Tecce or Tecce.

15         THE COURT:  Tecce.  Okay.

16         MR. TECCE:  It doesn't matter.

17         THE COURT:  Now, this case was reassigned to me after

18   Judge Davis had it, I guess, since early 2004.  And, I think it

19   stopped briefly on Judge Padova's docket, and now it's here.

20   And, we have been working on the motion to dismiss.  We're

21   about ready to go there with a decision.  I've looked through

22   the notes of the arguments before Judge Davis, as well as the

23   briefs that you all filed.

24         And, what I'm interested this morning is in knowing

25   what discovery you've taken thus far and what you perceive to

Tecce - Argument                                    14

1   defendant, was the idea man at Synthes for years.  He arrived

2   from Indian with $300 in his pocket off the boat in Chester,

3   worked his way up through Synthes, and is a brilliant,

4   brilliant inventor.

5           And, he built the better mousetrap.  Synthes wasn't

6   interested in it.  And, he went off and started his own

7   business.  And, what this has been, based upon comments that

8   we're hearing in the industry, is an effort by Synthes to sue

9   our client out of existence.

10          There's been a lot of allegations made about non-

11  disclosure agreements and breach of confidentiality agreements.

12  They're just allegations at this point.  And, I believe that

13  the evidence will show that that's really not what's going on

14  in this case.  And, in fact, we are being unfairly competed

15  with -- I guess I'm not supposed to end a sentence with a

16  preposition.

17          But, Synthes has engaged in unfair competition, and

18  that is the gist of our counterclaim.  It is not an action

19  seeking a private cause of action under the Anti-Kickback

20  Statute.

21          Your Honor asked a question how will the scope of

22  discovery be dictated by your ruling on the motion to dismiss.

23  Our allegations concerning Synthes' conduct with respect to

24  payment of cash to serv -- for no services in such -- conduct

25  such as that are also legitimate defenses to their claims that

1          MR. TECCE:  -- and we're committed to that.  The only

2   issue with respect to discovery, Your Honor, -- there was a

3   dispute, as Mr. Haller indicated, regarding the trade secret

4   aspects.  And, the issues are fairly joined, I think, on that.

5   We've asked them to identify, in accordance with Pennsylvania

6   law, what their trade secrets are.

7          And, if they identify that and they indicate that

8   this product has this trade secret, this product has this trade

9   secret, this product has this trade secret, then we'll walk

10  them into our facility and they can come look and see what we

11  do that competes.  Product X, we'll show them our produce X.

12  Product Y, we'll show them our product Y and all the

13  development documents.

14         We just -- as competitors, we're concerned about

15  allowing them to come through our -- kind of our plant willy-

16  nilly, which is a legal term, and look at everything we're

17  doing, particularly since we are making tremendous advancements

18  as a result of the caliber of the engineering and the

19  inventiveness of Mr. Paul.  So, -- but, as far as the discovery

20  schedule that Mr. Haller has proposed, I don't have any problem

21  with it.

22         THE COURT:  The possibility of the plaintiff amending

23  its complaint, do you foresee that leading to further motions

24  to dismiss or is -- or are you anticipating that and would

25  simply answer and go forward?

Colloquy                                        28

1          MR. HALLER:  Thank you, Your Honor.

2          CLERK:  All rise.

3

4                          * * * * *

5               C E R T I F I C A T I O N

6

7          I, Frances L. Maristch, court approved transcriber,

8     certify that the foregoing is a correct transcript from the

9     official electronic sound recording of the proceedings in the

10    above-entitled matter.

11

12    _____12/13/05_____              _Frances L. Maristch_

13    DATE                            FRANCES L. MARISTCH

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit K

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel


Order compelling Globus to produce patent-related documents
in the E.D. Pa. case, no. 04-cv-123
September 30, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SYNTHES (U.S.A.) and SYNTHES        :
SPINE COMPANY, L.P.,                :
                                    :    CIVIL ACTION
          Plaintiffs         :
                                    :
    v.                            :
                                    :
GLOBUS MEDICAL, INC., DAVID C.  :       NO. 04-CV-1235
PAUL, and RICHARD A. KIENZLE,       :
                                    :
         Defendants          :
                                    :

## ORDER

**AND NOW**, this 30th day of September, 2005, after consideration of Synthes' Motion to Compel Full and Complete Responses and Documents in Response to Synthes' First Set of Interrogatories and First Set of Requests for Production of Documents, Globus' response thereto, and careful review of the discovery requests and responses, it is hereby **ORDERED** that:

(1)    the motion is **GRANTED** as to Synthes' Document Requests to Globus Nos. 1, 4, 7, 9, 10, 11, 16, 17, 19, 21, 22, 24, 27-29, 33, 36, 43 and 44.

(2)    the motion is **DENIED** as to Synthes' Document Requests to Globus Nos. 1, 2, 6, 8, 12-15, 18, 25, 26, 30, 34, 35 and 37.

(3)    the motion is **GRANTED** as to Synthes' Interrogatories to Globus Nos. 1, 5, 6 and 14.

(4)    the motion is **DENIED** as to Synthes' Interrogatories to Globus Nos. 2, 3, 7, 8, 10-13.

(5) the motion is **GRANTED** as to Synthes' Document Requests to Paul Nos. 8-10, 18, 28, 29 and 32.

(6) the motion is **DENIED** as to Synthes' Document Requests to Paul Nos. 5, 6, 12, 15, 16, 21-2, 25, 27, 33, 34, 37-39, 49 and 50.

(7) the motion is **DENIED** as to Synthes' Interrogatories to Paul.

(8) the motion is **GRANTED** as to Synthes' Document Requests to Kienzle Nos. 3, 4, 18, 20 and 39-40.

(9) the motion is **DENIED** as to Synthes' Document Requests to Kienzle Nos. 6, 12, 14 and 34.

Globus is directed to comply within ten (10) days of issuance of this Order.

_____

Stengel, J.

2

# Exhibit L

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel

Order compelling Globus to additional documents
in the E.D. Pa. case, no. 04-cv-123
January 11, 2006



# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SYNTHES (U.S.A.), et al., | : | |
| | : | |
| | : | Civil Action No. 04-CV-1235 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Judge Lawrence F. Stengel |
| | : | |
| GLOBUS MEDICAL, INC.,        et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**FILED**

JAN 1 1 2006

MICHAEL E. KUNZ, Clerk

By _____
         Dep. Clerk

## ORDER

AND NOW, this ___11___ day of ___January___, 2006, upon consideration of Plaintiffs Synthes' Motion to Compel Globus' Compliance with Court Order and for Sanctions ("Motion") and Defendants Globus Medical, Inc., David C. Paul, and Richard A. Kienzle's Opposition thereto, it is hereby

## O R D E R E D

That Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**, and it is hereby further

## O R D E R E D

That Defendant, Globus Medical, Inc., will, by close of business on January 11, 2006, produce to Plaintiffs full and complete images of its entire design drawing electronic database in their

**ENTERED**

JAN 1 2 2006

CLERK OF COURT

native Pro-e format. The information provided must be an exact image of the entire electronic files; and it is hereby further

**O R D E R E D**

that Paragraph 6(a) of the Confidentiality Agreement for the Discovery of Confidential Information, which was entered as a Confidentiality Stipulation and Protective Order by this Court on November 3, 2004, is amended to reflect that access to information designated as "Confidential - Attorneys' Eyes Only" shall be restricted to only those outside counsel for the parties (including counsel's agents, non-attorney employees, and clerical assistants) who represent the parties in this case; and it is hereby further

**O R D E R E D**

that the remainder of Defendants' Motion is denied.

**BY THE COURT:**

_____
**Lawrence F. Stengel**
United States District Judge

2

# Exhibit M

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel


Letter regarding production of all patent documents
from Globus's counsel (John McShea)
to Synthes's Counsel (Anthony Haller)

12359227.7



December 8, 2005

<u>**VIA HAND DELIVERY**</u>

Anthony B. Haller, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103-6998

RE:   *Synthes (U.S.A.), et al. v. Globus Medical, Inc., et al.*
       **Civil Action No. 04-CV-1235**
       **Defendants' Supplemental Response to Synthes' First Requests for Production**
       <u>**Of Documents to Globus Medical, Inc., David C. Paul and Richard A. Kienzle**</u>

Dear Anthony:

      I am writing to respond to your letter of December 5, 2005, in which, despite your not having "had an opportunity to review the produced documents in depth," you assert that Globus' document production to Synthes is deficient.

      As of December 5, 2005, we have to date forwarded to you approximately 30,000 documents in this case. In addition, in response to the document requests in the *Walden, Nash,* and *Pontecorvo* cases, we have produced approximately 8,480 documents in total (and we have produced a corporate representative of Globus for deposition on at least four occasions). I have further informed you that we are in the midst of redacting private patient information from an additional eight boxes of documents consisting of sales invoices, shipping labels, and sales orders. As you know, this process is a tedious one and we are working diligently to produce these documents.

      As you are aware, Synthes' document requests to defendants Globus, Paul and Kienzle are complex, overlapping, and repetitive. Request for Production ("RFP") to Globus Nos. 1, 27, 29, and RFP to Kienzle 18 represent just one such example. RFP to Globus No. 1 requests all documents referring or relating *in any way* to Synthes, its products, employees, designs, strategies, forecasts or any aspect of its business; RFP to Globus No. 27 requests all documents (including electronic files) referring or relating to information from, about, or relating to Synthes; RFP to Globus No. 29 requests all documents, including telephone records, relating or referring to telephone conversations or other contacts between any current or former Globus employee and current or former employees of Synthes; and RFP No. 18 to Kienzle requests all documents referring or relating to Kienzle's contacts with Synthes' current or former employees since his resignation from Synthes, a subset of all of the above. There are numerous other examples of overlaps in Synthes' requests for production of documents too tedious to detail here, but I refer to a number of these redundancies below.

McShea Tecce P.C.
Bell Atlantic Tower, 28th Floor
1717 Arch Street
Philadelphia PA 19103
215.599.0800 tel   215.599.0888 fax



*Anthony B. Haller, Esquire*
*December 8, 2005*
*Page 2*

With respect to electronic data, Globus's supplemental document response is comprehensive of all known paper documents *and* electronic files. As stated in my letter to you of November 30, 2005: ***"Globus has searched all of its computers, including its hard drives and databases, for documents responsive to Synthes' requests for production of documents. Globus will continue to do so in accordance with its ongoing obligation to supplement discovery under the Federal Rules of Civil Procedure."*** (emphasis added) As specifically noted in that letter, Globus has produced "[a]ll documents, including e-mails... referring or relating to information from, about, or relating to Synthes, its products or its employees (RFP To Globus Nos. 1, 27, 29, RFP to Kienzle 18, 20)" and as stated in my letter to you of December 5, 2005, all "electronically-generated design documents." In your limited review of Globus' documents, you obviously failed to recognize that Globus has produced to Synthes paper copies from its electronic files. Since Synthes' requests do not specify a form of production for electronically stored information, Globus is not required to produce such information in a specific form.

In response to the specific objections raised in your letter, we state as follows:

As explained above, Globus' response to RFP to Globus No. 1 is included in my letter to you of November 30, 2005 (at p. 2).

Further, as explained above, in response to RFP No. 4, *all* documents, including those from electronic files, relating to Globus' patents have been produced. We also note that this request overlaps with RFP to Globus Nos. 22 and 33.

Further, in response to RFP No. 7, *all* documents relating to the services of Michael Boyer for or on behalf of Globus or David Paul have been produced.

Further, in response to RFP No. 10, *all* documents reflecting current products being marketed by Globus which compete with Synthes' products have been produced.

Further, in response to RFP No. 11, *all* documents reflecting products in development (which, as stated in my letter to you of November 30, 2005, Globus denies will compete directly with Synthes) have been produced.

Further, in response to RFP to Globus No. 16, *all* documents reflecting the design of any product being made, sold, and/or developed by Globus that compete directly with Synthes' products (redundant of RFP Nos. 10 and 11), have been produced. We note that our product designs are stored in Pro-Engineer computer software. According to several engineering and litigation support consultants that we have contacted, these electronic files cannot be opened without the software, which is extremely costly. Therefore, to ease the financial and time burdens on Synthes, and in the interest of complete disclosure, we have printed *all* of Globus' design documents from the electronic Pro-Engineer files. We do not understand your claim that the drawings are not full-size as documents produced to you are *exactly* as they are stored in the



electronic files. Moreover, the test documents and design history files contain information related to specifications, tolerances, measurements, and materials.

Further, in response to RFP to Globus No. 19, *all* documents referring to information about current or former Synthes employees, such as their term of employment, compensation, employment agreements, or other aspects of their employment with Globus, to the extent that they exist, have been produced. *See* my letter to you of November 30, 2005 enclosing "Globus job descriptions, employment applications of former Synthes' employees, and offer letter to Brett Murphy (RFP To Globus19)." Further, responsive e-mails and personnel files, to the extent they exist, of all former Synthes' employees who now work for Globus have been produced.

Further, in response to RFP to Globus No. 21, *all* documents relating to business strategies, product development, product presentations strategies, sales, which involve products which compete directly with Synthes' products, have been produced or will be produced shortly (*i.e.*, the sales invoices, shipping labels and orders that are being processed). Additionally, we note that this request for production of documents overlaps with numerous other requests (*e.g.*, RFP to Globus Nos. 10, 11, 16, 17, 24, 33, 36), to which Globus has thoroughly responded. *See* my November 30, 2005 letter to you.

Further, in response to RFP to Globus No. 22, *all* documents relating to government filings or applications made by or on behalf of Globus for all products that compete directly with Synthes have been produced. We again note the overlaps of this request with RFP to Globus Nos. 4, 7, 10, 11, 16, and 33, and we direct your attention to my letters to you of November 30 and December 5, 2005, which state that Globus has produced all documents "reflecting current Globus products in every instance where they are available" and all "documents related to Globus' products in development," which include FDA submissions (510(k) applications) and patent applications.

Further, in response to RFP to Globus No. 24, *all* documents relating to manuals, policies, price lists, product description, business plans/strategies, training manuals, brochures, and product development information prepared by or for Globus, to the extent they exist, have been produced.

Further, RFP to Globus No. 27 is redundant, excessive, and superfluous in that all of the documents requested therein have been produced to Synthes in response to RFP to Globus  Nos. 1 and 29, and RFP to Kienzle 18.

Further, as stated above, RFP to Globus No. 33 is redundant, excessive, and superfluous in that all of the documents requested therein have been produced to Synthes in response to RFP to Globus Nos. 4, 7, 10, 11, 16, and 22.

Finally, you state in your letter (pp. 2-3) that Globus has not produced numerous specified documents. You will find upon a full review of the documents that Globus has produced all of the listed documents.



In summary, as shown throughout this response, your letter seems to be fraught with inaccuracies based on the obviously incomplete and cursory review you have made of the approximately 30,000 documents that Globus has produced. To avoid further waste of time and duplication of effort and expense, I suggest that we attempt to resolve any further concerns you have once you have completed your review and analysis of Globus' documents.

Sincerely,

John P. McShea

JPM/cc
cc:    Frederick A. Tecce

# Exhibit N

to Synthes's Memorandum of Law
Opposing Castellano Malm's Motion to Quash
and Supporting Synthes's Cross-Motion to Compel

Synthes's patent application 60/284,510 cover sheet
showing David Paul and Attorney Mulgrew working together
April 19, 2001

12359227.7

# COVER SHEET FOR PROVISIONAL APPLICATION FOR PATENT

Assistant Commissioner for Patents
BOX PROVISIONAL PATENT APPLICATION
Washington, DC 20231

Sir:

This is a request for filing a PROVISIONAL APPLICATION under 37 CFR 1.53(c).

| Docket Number | 8932-304-888 | Type a plus sign (+) inside this box → | + |
|---|---|---|---|

| INVENTOR(s) APPLICANT(s) | | | |
|---|---|---|---|
| LAST NAME | FIRST NAME | MIDDLE INITIAL | RESIDENCE (CITY AND EITHER STATE OR FOREIGN COUNTRY) |
| Weikel | Stuart | | Media, Pennsylvania 19063 |
| Paul | David | | Phoenixville, Pennsylvania 19460 |

**TITLE OF THE INVENTION (280 characters max)**

INFLATABLE DEVICE AND METHOD FOR REDUCING FRACTURES IN BONE

CORRESPONDENCE ADDRESS.

**PENNIE & EDMONDS LLP**
**1667 K Street, N.W.**
**Washington, D.C. 20006**
**(202) 496-4400**

**ENCLOSED APPLICATION PARTS** *(check all that apply)*

| ☒ Specification | *Number of Pages* | 21 | ☐ Small Entity Statement |
|---|---|---|---|
| ☒ Drawing(s)s | *Number of Sheets* | 26 | ☐ Other (specify) |

**METHOD OF PAYMENT** *(check one)*

☐ A check or money order is enclosed to cover the Provisional filing fees

| ESTIMATED PROVISIONAL FILING FEE AMOUNT | ☒ $150 |
|---|---|
| | ☐ $ 75 |

☒ The Commissioner is hereby authorized to charge the required filing fee to Deposit Account Number 16-1150

The invention was made by an agency of the United States Government or under a contract with an agency of the United States Government
☒ No.    ☐ Yes, the name of the U S Government agency and the Government contract number are _____

Respectfully submitted,

| Signature _____ John P. Mulgrew PENNIE & EDMONDS LLP | REGISTRATION NO *(if appropriate)* | 47,809 | Date | April 19, 2001 |
|---|---|---|---|---|

☐ Additional inventors are being named on separately numbered sheets attached hereto

Total number of cover sheet pages | 2 |

## PROVISIONAL APPLICATION FILING ONLY