# Exhibit B

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.), et al., | : | |
|     Plaintiffs, | : | 1:06-MC-161 |
| | : | |
| v. | : | RMC/ |
| | : | |
| GLOBUS MEDICAL, INC., et al., | : | (original matter pending in the |
|     Defendants. | : | U.S.D.C. for the E.D. Pa. |
| | : | CA No. 2:04-cv-1235 LFS) |

**DECLARATION OF BRIAN J. MALM**

I, Brian J. Malm declare as follows based upon my personal knowledge:

1. I am over eighteen years of age and am competent to testify.

2. I am a patent attorney registered with the United States Patent and Trademark Office ("Patent Office").

3. I am a member of the law firm of Castellano Malm Ferrario & Buck PLLC ("CMFB").

4. CMFB currently represents Globus Medical, Inc. ("Globus") in patent matters before the Patent Office.

5. CMFB began representing Globus on or about February 1, 2005.

6. I was an associate at Pennie & Edmonds LLP ("Pennie") between October 1999 and May 2003.

7. While I was an associate at Pennie, Pennie represented Synthes (U.S.A.) ("Synthes") in patent matters before the Patent Office. Synthes had divisions relating to different technology areas, such as Trauma, Maxillofacial, and Spine.

8. While I was an associate at Pennie, I worked on patent prosecution matters for Synthes. Within Pennie, the Synthes patent work was divided by subject matter, with Spine

separate from Trauma and Maxillofacial. I oversaw a patent docket for Synthes related to the areas of Trauma and Maxillofacial, and the vast majority of the patent prosecution work that I performed for Synthes was in those areas. On rare occasions, I worked on matters relating to Spine.

9. To the best of my recollection, while an associate at Pennie, I did not possess, and now do not possess, non-public information about inventions that Synthes Spine considered most important, the inventions that Synthes Spine was patenting, or even the kinds of ideas which Synthes Spine was working on but had not yet patented. To the best of my recollection, my work for Synthes Spine was limited to singular and isolated projects when staffing required.

10. On or about January 28, 2002, I filed a response to an Office Action, and on or about July 26, 2002, I filed an Appeal Brief for U.S. Patent Application Serial No. 09/497,123 ("'123 Application"). On or about March 26, 2002, I filed a divisional application, U.S. Patent Application Serial No.10/105,280 ("Divisional Application"; Ex. O of Synthes's Memorandum in Support of its Motion to Compel) which claimed priority to the '123 Application. The international application corresponding to the '123 Application published on or about August 10, 2000 with International Publication No. WO 00/45751. David C. Paul ("Mr. Paul") is listed as an inventor of both the '123 and Divisional Applications.

11. During my work with respect to the '123 Application and subsequent filing of the Divisional Application, I never spoke with Mr. Paul or had any contact, directly or indirectly with him.

12. I did not draft or file the original '123 Application. The Divisional Application was filed with the identical specification as the '123 Application and no new matter was added.

Indeed, while associated with Pennie, I did not draft any original patent application in which Mr. Paul was listed as an inventor.

13.     I did not draft any of the originally filed patent applications that matured into U.S. Patent Nos. 6,623,486, 6,283,967, 6,270,499, 6,235,033, 6,395,035, or 6,575,975 (listed in footnote 1 of Synthes' Memorandum in Support of its Cross-Motion to Compel).

14.     I never spoke with Mr. Paul or worked with Mr. Paul while I was an associate at Pennie.

15.     I first spoke with Mr. Paul in or around September of 2004.

16.     Attorney, John P. Mulgrew ("Mr. Mulgrew"), is not, and has never been, associated in any capacity with CMFB.

17.     Mr. Mulgrew transferred his active files to CMFB in or around March of 2005 after CMFB began representing Globus. To the best of my knowledge, Mr. Mulgrew has had no involvement with Globus prosecution since that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on : June 6, 2006              _____
                                          Brian J. Malm