UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**Synthes (USA)** and
**Synthes Spine Company, L.P.**

      Plaintiffs

      v.

**Globus Medical Inc.**,
**Richard A. Kienzle** and
**David C. Paul**,

      Defendants

1:06-MS-00161 RMC

---

### SYNTHES'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF ITS CROSS-MOTION TO COMPEL

On June 5, 2006, the day before Castellano Malm's deadline to file its opposition brief, Globus finally produced what it claims are *all* its unpublished patent applications *without any limitation as to technical subject matter*. *See* Castellano Malm Brief at Ex. A. Among the 4500 pages produced, almost all were new to Synthes. Although the protective order in the underlying E.D. Pa. case prevents Synthes from discussing their content, they appear to have been photocopied from Castellano Malm's files or printed from Attorney Malm's computer.

So why does Castellano Malm continue to argue that the patent applications are irrelevant and burdensome to produce, and that their production would unfairly benefit Synthes?

Neither the E.D. Pa. Order compelling Globus to produce these documents, nor Synthes's later deficiency letters, spurred Globus to produce them. In the end, it was this Court's authority over Castellano Malm, and the subpoena at issue here, that forced Globus to produce the documents. However, there remain two issues on which Castellano Malm and Globus are stonewalling: (1) allegedly privileged documents, and (2) admittedly unprivileged documents.

1

This Court should compel Castellano Malm to both produce a privilege log for the former, and to produce the latter.

A.   **Castellano Malm Should Be Ordered to Produce a Privilege Log.**

    1.   **Synthes Needs a Privilege Log to Challenge Castellano Malm's Suspicious Claims of Privilege.**

Synthes has ample reason to suspect that Globus and Castellano Malm are trying to assert attorney-client privilege for documents for which the privilege is Synthes's and/or for documents for which the crime-fraud exception will apply. Synthes's suspicions are based on three facts:

(1)   Globus's founder and president is Synthes's former Director of Spine Product Development. Most of Globus's engineers, who are the named inventors on most of Globus's patent applications, are former Synthes engineers. Globus's products are remarkably similar to the products that these former Synthes employees worked on for Synthes.

(2)   These former Synthes employees have ongoing obligations to assign to Synthes the rights to any inventions and innovations which they conceived of at Synthes. As a preliminary examination of the attorneys'-eyes-only patent applications produced on June 5 shows, Globus is applying for patents on intellectual property that belongs to Synthes.

(3)   When Globus needed patent attorneys, it chose to hire Brian Malm and John Mulgrew, both of whom had previously been patent attorneys for Synthes. Both of these attorneys worked on and had access to Synthes's valuable (and confidential) intellectual property.

Synthes suspects that Castellano Malm is wrongfully withholding documents based upon an assertion of privilege on behalf of Globus, or on behalf of former Synthes inventors individually, for documents to which Synthes (not Globus) is entitled to any privilege. These include communications between inventors (*i.e.*, the former Synthes employees) and patent attorneys (including Attorneys Malm and Mulgrew) made at the time when the inventors were Synthes employees, or made at any time concerning inventions and innovations that

rightfully belong to Synthes.

Synthes also suspects that the failure of its former employees to assign their rights to inventions and innovations developed at Synthes may constitute a fraud by those employees, either upon Synthes or upon the U.S. Patent Office. Synthes believes the crime-fraud exception applies to defeat any claim of privilege

Finally, Synthes suspects that Globus wrongfully sought to employ Attorneys Malm and Mulgrew in order to capitalize on these attorneys' knowledge of Synthes's patent position and trade secrets. This may constitute an additional reason to apply the crime-fraud exception to defeat any claim of privilege.

Without a privilege log, Synthes cannot confirm what privilege (or even whose privilege) forms the basis of Castellano Malm's withholding of documents responsive to the subpoena. Moreover, Synthes cannot challenge any particular document's privilege without a log. To allow Synthes to contest the expected claims of privilege, *see* Fed. R. Civ. P. 45(d)(2), the log should include the technical subject matter of each document (*i.e.*, identification of any patent application to which the communication relates) such that Synthes can tell whether that document relates to an invention that rightly belongs to Synthes.

### 2. Castellano Malm's "Competitive Intelligence" Argument Is Moot.

Castellano Malm's opposition brief continues to raise concerns about the confidentiality of the patent applications, and the relevance of at least some of those applications. *See* Castellano Malm Brief at 13 (complaining of "an improper 'back-door' attempt at competitive intelligence that is unrelated to Synthes' claims in the Pennsylvania Action.") Those arguments are unfounded and, in any event, Castellano Malm's client (Globus) has mooted those concerns by its own recent production of the patent applications. Globus claims to have finally

produced *all* of its patent applications *without any limitation as to technical subject matter*.

Apart from the question about whether a privilege log itself can possibly give a competitive advantage, the documents themselves cannot give Synthes a competitive advantage because Synthes has agreed to accept them under the terms of the protective order in Pennsylvania. Moreover, Globus lost its "unrelated to Synthes's claims" argument long ago when the E.D. Pa. court compelled the documents' production.

### 3. Attorney Malm's Current Work for Globus Is Ironically Similar to the Work He Cannot Remember Having Done for Synthes

Castellano Malm claims that because Attorney Malm did "minimal work" for Synthes Spine, Castellano Malm Brief at 9, therefore a privilege log is unwarranted. *Id.* at 10. Attorney Malm himself represents that "[t]o the best of my recollection, my work for Synthes Spine was limited to singular and isolated projects when staffing required." *Id.* at Ex. B (Malm Aff.) at ¶ 9.) Attorney Malm's recollection is quite poor.

Before he accepted work from Globus (without asking for a waiver), Attorney Malm regularly did extensive and substantial work prosecuting patents and formulating patent opinions for Synthes Spine. Moreover, the kinds of spine inventions on which Attorney Malm used to work for Synthes are uncannily similar to the kinds of spine inventions on which Attorney Malm is now working on for Synthes's direct competitor, Globus. Indeed, Synthes has so far identified ten families of spine patent applications that Attorney Malm prosecuted for Synthes:

4

12395355.7

| Ex. | Patent Applications that Attorney Malm Prosecuted for Synthes | Similar Patent Apps. that Attorney Malm Prosecuted for Globus |
|---|---|---|
| 1 | 09/829,995 "Strain Regulating Fusion Cage for Spinal Fusion Surgery" | 10/745,668 "Spinal Fusion Implant" |
| 2 | 09/848,251 "Bone Fixation Assembly" | 10/826,285 "Bone Fixation Plate" |
| 3 | PCT/CH00/00153 "Transconnector for Coupling Spinal Rods" | PCT/US05/23984 "Transverse Fixation Device for Spinal Fixation System" |

| Ex. | Patent Applications that Attorney Malm Prosecuted for Synthes | Similar Patent Apps. that Attorney Malm Prosecuted for Globus |
|---|---|---|
| 4 | 09/497,123<br>"End Member for a Bone Fusion Implant" | 10/745,668<br>"Spinal Fusion Implant;" and<br>10/819,934<br>"Load Distribution Crown" |
| 5 | 09/686,198<br>"Freely Separable Surgical Drill Guide and Plate" | no known patent application,<br>but relates to the design of Globus's Assure brand plates and drill guides |
| 6 | 10/165,069<br>(corresponding to PCT/CH99/00598)<br>"Device for Distracting or Compressing Bones or Bone Fragments | no known patent application,<br>but relates to the design of Globus' Preserve brand vertebrae distractors |
| 7 | 10/360,620<br>"Device for the Introduction of Medical Items" | [attorneys' eyes only application]<br>"Percutaneous Vertebral Stabilization System" (Castellano Malm Brief Ex. A at 2). |
| 8 | 10/273,921<br>(corresponding to PCT/CH00/00224)<br>"Device for the Articulated Connection of Two Bodies" | 11/097,340<br>"Bone Fixation Plate;" and<br>[attorneys' eyes only application]<br>"Facet Joint Prosthesis"<br>(Castellano Malm Brief Ex. A at 2). |
| 9 | 09/915,572<br>"Spinal Fixation System" | 10/885,841<br>"Transverse Fixation Device for Spinal Fixation System" |
| 10 | 10/036,464<br>(corresponding to PCT/CH99/00303)<br>"Bone Screw with Two-Part Screw Head"<br><br>Fig. 1   Fig. 3 | 10/819,994<br>"Polyaxial Screw"<br><br>FIG. 1 |

12395355.7

The numbered exhibits to this brief (listed in the table above) are non-privileged illustrations of Attorney Malm's substantial involvement in these overlapping fields. Far from being "rare," *id.* at Ex. B at ¶8), Attorney Malm's work for Synthes Spine was voluminous, continuous, and substantial. Indeed, he was given considerable responsibility in the prosecution of these patents, often drafting the original specification and claims, evaluating prior art, responding to the Patent Office, drafting and filing appeals, and even directing the prosecution of foreign applications.

In addition to all the spine-related patents that he prosecuted for Synthes, Attorney Malm also did patent opinion work for Synthes Spine. This work, which remains privileged, involved his study and evaluation of the patent portfolios of both Synthes and its competitors in the Spine industry in a wide variety of technologies.

Attorney Malm's "recollection that "[t]o the best of [his] recollection, while an associate at Pennie, [he] did not possess . . . non-public information about inventions that Synthes Spine considered most important, the inventions that Synthes Spine was patenting, or even the kinds of ideas which Synthes Spine was working on but had not yet patented" cannot be correct. *Id.* at ¶ 9. As the prosecuting patent attorney on so many spine patents, *by definition* he possessed non-public information and ideas about these unpatented inventions (just as he now possesses non-public information about important, unpatented inventions allegedly belonging to Globus).

Even if Attorney Malm's recollection that he did not work with David Paul personally is correct (and it remains a mystery how and why Globus chose to hire Attorney Malm), that fact does not matter. The gravamen of Attorney Malm's work for Synthes is not *who* he worked with, but rather *what* he learned about Synthes's confidential technology, inventions, and innovations. That is the information which led Globus to hire Attorney Malm.

12395355.7

Finally, Castellano Malm's brief makes no attempt whatsoever to assert that Attorney Mulgrew's documents (which Castellano Malm admits possessing) do not date from Attorney Mulgrew's work for Synthes, or that they do not concern Synthes's technology. The evident connection between (1) former Synthes attorneys Malm and Mulgrew, (2) Synthes's technology, and (3) Globus's patent applications, is why Synthes legitimately suspects that some of its former employees—the ones that defected to Globus—may have used Synthes's former patent attorneys to try to patent technology rightfully belonging to Synthes, on behalf of Globus. A log of privileged documents involving these two attorneys will allow Synthes to prove its case.

### 4.    Synthes Cannot Obtain the Privilege Log from Globus.

The 4500 pages of patent applications that Globus produced on June 5 (the day before the deadline for Castellano Malm's opposition brief) appear to have been photocopied from the paper files of Castellano Malm and/or printed from the computer of Attorney Malm. The only reason Globus did so was because of this subpoena and the authority of this Court to order Castellano Malm to produce the same material.

Castellano Malm's suggestion that Synthes can obtain a privilege log from Globus directly is not realistic, because Synthes's previous attempts to have Globus produce this material were unsuccessful (including an order compelling it in the E.D. Pa. case). Even were Globus to produce a privilege log of documents in its possession, it is unlikely that it would contain the requisite detail sufficient for Synthes to challenge the privileges claimed. It is this Court's authority over the party in possession of the privileged documents—Castellano Malm and Attorney Malm—which is needed for Synthes to obtain a privilege log.

### 5. Castellano Malm Should at Least Log Attorneys Malm and Mulgrew's Notes from Their Meetings with Globus Employees.

Castellano Malm *admits* that Attorney Malm's meeting notes would not be covered by any Globus privilege log. Castellano Malm Brief at 13-14. At a minimum, the Court should specifically order that these notes (and similar notes from Attorney Mulgrew) be logged by Castellano Malm with the level of detail required by Rule 45 (d)(2) (including the numbers of the corresponding patent applications). There is no allegation (much less admissible evidence) regarding the volume of these meeting notes, which would normally be limited in number and quite straightforward and easy to log.

Moreover, these meetings (at which Globus employees disclosed their inventions to Attorneys Malm and Mulgrew) are the most likely occasions for Synthes's former employees to have wrongfully used the inventions and innovations that were developed at Synthes to Globus's advantage. Thus, these notes are among the documents most likely to fall within the crime-fraud exception. Also, since these are undoubtedly some of the earliest meetings between Synthes's former employees and Attorneys Malm and Mulgrew, they are the most likely to have occurred while those employees were still at Synthes (or before they had started at Globus). Thus, this is an important category of documents—and ones that Globus does not possess.

Castellano Malm's assertion that the privilege log would let Synthes "unfairly gain access to information concerning how often, when, and why Globus has met with its patent counsel" is specious. Synthes has offered to allow use of the Pennsylvania protective order. Moreover, the fact of meetings with one's attorneys, and when meetings occurred, are not themselves privileged and do not convey confidential information in this instance.

12395355.7

6.  **Castellano Malm's Objection to an "Essentially Unbounded Time Frame" Is Unwarranted.**

Synthes offered to limit the time frame for logging privileged documents of Janurary 1, 2005—which is *before* Castellano Malm ever represented Globus! See Synthes motion brief at 19 & Ex. C thereto at item (11). The only exception was Attorneys Malm and Mulgrew's documents, because their unique positions having worked previously for Synthes makes it possible that Synthes may challenge the privilege of their later communications.

7.  **Castellano Malm's Burdensomeness Arguments Fail.**

That leaves only Castellano Malm's burdensomeness objection, which is equally unfounded. Castellano Malm complains of the "undue burden occasioned by the creation of a privilege log of such non-discoverable documents." Castellano Malm Brief at 5. The gravamen of this argument appears to be that since the patent applications are not discoverable, then logging privileged documents concerning those applications must necessarily be unduly burdensome. This argument fails, however, because Globus's production of the patent documents admits that they are discoverable (not to mention the E.D. Pa. court's order compelling their production).

Castellano Malm's argument that the time to produce a log would be "inordinate," *id.* at 13, is belied by Castellano Malm's failure to provide the admissible evidence of any burden which the law requires. See, e.g., *Flatow v. Iran*, 196 F.R.D. 203, 207 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002); *see also Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998). Synthes's motion brief invited Castellano Malm to present such evidence, but Castellano Malm has chosen not to. Moreover, compliance with the subpoena would likely be straightforward and easy, and, in any event, financed by Globus.

12395355.7

B.   **<u>Castellano Malm Should Produce Patent and Non-Patent Literature.</u>**

With respect to the patent and non-patent literature, Castellano Malm persists with its objection to producing this material on relevance grounds. However, that objection is unsupportable because Globus waived any relevance objection by producing the *Globus patent applications **themselves***. Because the patent applications themselves are relevant, so too must be the patent and non-patent literature that is directly associated with those patent applications. Castellano Malm's relevance objection no longer makes sense in view of the fact that Globus has produced its patent applications.

With respect to Castellano Malm's undue burden objection to producing patent and non-patent literature, Synthes has tried to work with Castellano Malm to alleviate any undue burden: making concessions, soliciting Castellano Malm's own suggestions for less burdensome alternatives (Castellano Malm has had none), and agreeing to cover the cost of copying this literature, all to no avail. Most recently, Synthes's suggestion that Globus provide a list of patent numbers in lieu of patents themselves, was refused. Castellano Malm's objection as to the volume of its responsive material, most of which Castellano Malm contends is stored electronically, cannot not be sustained because it could be supplied electronically, and because Synthes has agreed to cover the reasonable copying costs. To the extent any is stored in paper form, competent patent law firms like Castellano Malm do not randomly scatter this material about their offices; Castellano Malm undoubtedly organizes this material in binders or in a centralized repository. All that is likely necessary to comply with the subpoena is to take this material off the shelves for copying. Given the modest number of Globus's patent applications, *see* Castellano Malm Brief at Ex. A, any such documents in the file wrappers should be quite manageable.

In Section C of Castellano Malm's brief, Castellano Malm raises *for the very first*

12395355.7

*time* the possibility that the subpoena might cover confidential third party prosecution history files. To the extent it does, Synthes is not requesting such files (provided that those third parties are not related to Globus, such as Globus employees whom Castellano Malm might represent in their individual capacities).

## C.   Conclusion

Globus's belated production of the patent applications being held by Castellano Malm has mooted or eviscerated most of Castellano Malm's objections. However, that production has not mooted Synthes's demand for a privilege log and for patent and non-patent literature. The Court should deny Castellano Malm's motion to quash and grant Synthes's Cross-Motion to Compel.

Respectfully submitted,

Dated: June 16, 2006

___/s/ Terri L. Bowman___
Terri L. Bowman
D.C. Bar No. 438932
Dechert LLP
1775 I Street, NW
Washington, DC 20006-2401
(202) 261-3326 telephone
(202) 261-3333 facsimile

Robert W. Ashbrook Jr.
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-2215 telephone
(215) 994-2222 facsimile

*Counsel for Plaintiffs Synthes (USA) and Synthes Spine Company, L.P.*

## Certificate of Service

I certify that today in

    Synthes et al. v. Globus Medical Inc. et al., D.D.C. no. 1:06-MS-00161 RMC

I caused a copy of

    Synthes's Reply Memorandum of Law in Support of Its Motion to Compel

to be served by

    First class mail and email

upon:

    Matias Ferrario, Esq.
    Castellano Malm Ferrario & Buck PLLC
    2121 K Street, N.W., Suite 800
    Washington, DC  20037
    mferrario@cmfblaw.com
    *Counsel for Castellano Malm Ferrario & Buck PLLC*

    John P. McShea, Esq.
    McShea Tecce, P.C.
    Bell Atlantic Tower, 28th Floor
    1717 Arch Street
    Philadelphia, PA  19103
    jmcshea@mcshea-tecce.com
    *Counsel for Defendants*

Dated:  June 16, 2006

*/s/ Terri S. Bowman*
Terri L. Bowman

12395355.7